# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| **RASAUN MURPHY** | * | |
| **Petitioner** | * | |
| v | * | **Civil Action No. GJH-22-1323** |
| **BRIAN FROSH,**[1] | * | |
| **KEVIN P. GUISTWITE** | | |
| **Respondents** | * | |
| | *** | |

## MEMORANDUM OPINION

On June 1, 2022, Petitioner Rasaun Murphy filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with the five-dollar filing fee.  For the reasons that follow, the petition must be dismissed.

Murphy is challenging the validity of a child support order issued by the Circuit Court for Prince George's County.  He alleges that his rights under the Fifth, Ninth, and Fourteenth Amendments are being violated.  He claims that Maryland Family law statutes require a judge to "automatically place a burden on any father once he is proven to be the father" and does not specify how to "satisfy the support element of the responsibilities of a parent."  ECF No. 1 at 5.  He additionally asserts that he was not advised of his privilege against self-incrimination; there was no evidence that he "breached [his] duties as a parent;" and "[t]he consent order is not made to any law or statute."  *Id*.  As relief Murphy seeks to have the court order for child support vacated; all

---

[1]     The Clerk will be directed to correct the spelling of Mr. Frosh's name on the docket.

money paid pursuant to that order returned; and removal of any negative "credit entries" resulting from the order.[2]  *Id*. at 6.

Relief under 28 U.S.C. §2254 is available to "a person in custody pursuant to the judgment of a State court."  28 U.S.C. §2254(d).  "[T]o meet the jurisdictional 'in custody' requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed.  Thus, it is well settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254."  *Mainali v. Virginia*, 873 F.Supp.2d 748, 751 (E.D. Va. 2012), citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963), *see also Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986) (release of prisoner on charges of failure to pay child support did not render habeas petition moot because the possibility of being imprisoned again remained a possibility).  Here, Petitioner is not under an ongoing term of probation; rather, he is subject to a civil order to pay child support, and, like any other order of a court, he is subject to contempt charges for failing to comply.  *See Moten v. Murphy*, Case No. CAS15-18718 (Pr. G. Co. Cir. Ct. 2015).[3]

Additionally, Murphy's claim is unexhausted.  His assertion that there is no appellate review available for civil judgments and he is therefore excused from exhausting appellate review in the Maryland courts is without any merit.  *See e.g., Arrington v. Dept. of Human Resources*, 402 Md. 79, 935 A.2d 432 (2007) (appeal of sanction imposed after father was found in civil contempt); *Rawlings v. Rawlings*, 362 Md. 535, 766 A.2d 98 (2001) (appeal of finding that father was in civil contempt for non-payment of child support), *Bryant v. Howard Co. Dept. of Social Svcs ex rel*

---

[2]      To the extent Petitioner is seeking mandamus relief in connection with a child support order, there is an additional bar to such relief.  This Court has no jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion or petition.  *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

[3]      Available at http://casesearch.courts.state.md.us/casesearch/ (last viewed June 14, 2022).

*Costley*, 387 Md. 30, 874 A.2d 457 (2005) (finding of civil contempt for non-payment of child support is appealable even though no sanction was imposed). When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973), *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (petitioner bears the burden of demonstrating state remedies have been exhausted). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. To the extent that the order for child support issued in Petitioner's civil, family law case is improper, he may appeal to the Maryland Court of Special Appeals and raise any issues he has with the propriety of the order.

Lastly, this Court does not have jurisdiction to consider matters regarding child custody or child support payments. *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting federal courts "generally abstain from child custody matters"); *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (Michael, J. concurring) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights"). "[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." *Cole*, 633 F.2d at 1087. Where the underlying cause of action arises solely from family relations law, the domestic relations exception applies. *Id*. at 1088.

Accordingly, the Petition for Writ of Habeas Corpus must be dismissed without prejudice for lack of jurisdiction. When a district court dismisses a habeas petition solely on procedural

3

grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Here, there is no basis for finding that this Petition states a debatably valid claim; therefore, a certificate of appealability shall be denied.  Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.


___7/12/2022_____                          /s/_____
Date                                                              GEORGE J. HAZEL
                                                                     United States District Judge